IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRASSROOTS ANALYTICS, INC.<br><br>806 7th Street NW<br>Washington, D.C. 20001<br><br>*Plaintiff,*<br><br>v.<br><br>ISAIAH MARTIN FOR CONGRESS, ISAIAH MARTIN<br><br>1475 Texas St., Unit 316<br>Houston, TX 77002<br><br>*Defendants.* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Grassroots Analytics, Inc. ("Grassroots Analytics"), brings this action against Defendants Isaiah Martin for Congress (the "Campaign") and Isaiah Martin (collectively, "Defendants") for breach of contract.

**INTRODUCTION**

1. This is an action for breach of contract brought by Plaintiff Grassroots Analytics against Mr. Martin and his congressional campaign. Grassroots Analytics is a technology firm founded with the goal of breaking down barriers to civic and community engagement by building technology tools for candidates for public office, causes, and nonprofit organizations. Since the 2022 election cycle, Grassroots Analytics supported over 2,000 campaigns and organizations across all 50 states and its territories.

2. In September 2023, Isaiah Martin announced his candidacy for a United States

House of Representatives seat in Texas's 18th Congressional District, which covers much of Houston. In July 2023, shortly before he announced his candidacy, the Campaign entered a Services Agreement with Grassroots Analytics (the "Agreement"), under which Grassroots Analytics agreed to provide support to the campaign pursuant to a set of agreed payment terms. Grassroots Analytics performed its material obligations under the Agreement. However, the Campaign has refused to pay amounts owed to Grassroots Analytics for their services under the Agreement.

3. This action seeks to hold the Campaign and Mr. Martin accountable for the hundreds of thousands of dollars they owe pursuant to the binding Agreement.

## JURISDICTION & VENUE

4. Subject matter jurisdiction exists under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. Plaintiff Grassroots Analytics is a Delaware corporation with its principal place of business in the District of Columbia. Defendants Isaiah Martin for Congress and Isaiah Martin are citizens of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2), as the actions forming the basis of the claim occurred in the District. Defendants also waived any objection to venue in this court under the Agreement which is the subject of this dispute.

## PARTIES

6. Plaintiff Grassroots Analytics, Inc. is a Delaware stock corporation registered to do business in the District of Columbia, where its principal business offices are also located. Grassroots Analytics operates a national leading progressive consumer database with quality contact information, political preference analysis, biographical details, donation history, and net worth data. Grassroots Analytics jointly owned and operated innovative consumer data companies,

including Grassroots Analytics Campaigns (GAC), Grassroots Analytics Non-Profit (GANP), and Grassroots Analytics Capital Raise (GACR). Grassroot Analytics' campaign services help candidates leverage data-driven insights, strategies, and communications to connect with donors via hypertargeted communications utilizing best practices and strategies prior to their respective merger with Grassroots Analytics, Inc, which occurred in January 2024.

7.  Defendant Isaiah Martin for Congress is a Texas organization formed and operated by and on behalf of Isaiah Martin in connection with his campaign for election to Texas' 18th Congressional District in the U.S. House of Representatives.

8.  Defendant Isaiah Martin is an individual residing in Texas who ran a short-lived campaign for Texas' 18th Congressional District in the U.S. House of Representatives from September 2023 until December 2023.

## FACTUAL ALLEGATIONS

**The Agreement for Grassroots Analytics to Provide Fundraising Services**

9.  Grassroots Analytics was founded in 2017 on a belief that running for office or creating social impact should not depend on personal wealth or insider connections. Its mission is to dismantle the barriers to entering the political and nonprofit arenas, which it accomplishes by offering innovative data and fundraising solutions. Over the last three election cycles, Grassroots Analytics empowered more than 3,000 grassroots campaigns and organizations across the United States to reach their fundraising goals, grow nonprofit development pipelines, and secure political victories — from school boards to the Senate.

10.  In July 2023, the Campaign entered into a Services Agreement with Grassroots Analytics, with an effective date of July 28, 2023. Mr. Martin signed the Agreement, which was executed for his sole benefit, on behalf of the Campaign.

11. As consideration for fundraising services that Grassroots Analytics agreed to provide, Defendants agreed in Section 5 of the Agreement to pay Grassroots Analytics 9% of the total amount raised from all avenues except for contributions received from political action committees, house parties, state parties, unions, labor organizations, immediate family, and in-kind contributions. Defendants agreed in Section 5 to pay Grassroots Analytics' invoices within 15 days of receipt. And Defendants agreed that late payments from Defendants to Grassroots Analytics would result in a 5% late fee (as % of missed payment) for payments made 6–15 days late, and a 10% late fee (as % of missed payment) for payments made more than 15 days late.

12. Defendants also agreed, in Section 6 of the Agreement, to pay fair market value for any in-person services provided by Grassroots Analytics, and to reimburse Grassroots Analytics for any pass-through expenses at actual cost.

13. The Agreement further provides in Section 19 that the prevailing party in any breach of contract action is entitled to recover reasonable attorneys' fees and other costs and expenses incurred.

**Defendants' Failure to Pay Grassroots Analytics' Services and Fees**

14. In September 2023, Mr. Martin announced his candidacy for the U.S. House of Representatives.

15. Mr. Martin used his personal social media accounts to announce his candidacy, to promote his campaign website, and to communicate on behalf of the Campaign.

16. The Campaign existed only to support Mr. Martin in his congressional bid. At all times relevant to this Complaint, the Campaign acted as Mr. Martin's agent and on his behalf. In addition, at the time the Agreement was executed, Mr. Martin was its intended and actual beneficiary. After the execution of the Agreement, Mr. Martin personally received the benefits of the Agreement and has consistently maintained that provisions of that Agreement should be

enforced to benefit him. In addition, on information and belief, the Campaign acted as Mr. Martin's alter ego; there was no meaningful difference or separation between Mr. Martin and his Campaign.

17. Pursuant to the Agreement, Grassroots Analytics began conducting a text messaging campaign on Defendants' behalf in September 2023. This included copywriting, production, and quality assurance for the texting program.

18. In reliance on the Agreement, including its requirement that Defendants reimburse Grassroots Analytics for any pass-through expenses at actual cost, Grassroots Analytics utilized the services of third-party Scale to Win to assist with Defendants' text messaging campaign.

19. Scale to Win invoiced Grassroots Analytics for $200,833.34 in services that it provided for Defendants' benefit through the form of text messages that it sent on Defendants' behalf to solicit contributions for the Campaign.

20. Grassroots Analytics provided additional fundraising services to Defendants in connection with the Agreement, including access to donor lists and various efforts to improve Defendants' digital fundraising.

21. On December 11, 2023, Grassroots Analytics provided Defendants with (i) an invoice for the services provided by Scale to Win for Defendant' benefit, in the amount of $200,833.34, and (ii) an invoice for the fundraising services provided by Grassroots Analytics, in the amount of $24,608.03, representing 9% of the total amounts raised by Defendants pursuant to the Agreement. Both invoices were due on receipt.

22. Defendants have never paid Grassroots Analytics for any of the services provided in connection with the invoices and under the terms of the Agreement.

23. Defendants also have not paid the 10% late fee owed to Grassroots Analytics under the Agreement for payments that are more than 15 days late.

24. In December 2023, Mr. Martin used his personal social media accounts to announce that he was ending his campaign for the U.S. House of Representatives and endorsing Congresswoman Sheila Jackson Lee, who was representing Texas' 18th Congressional District at that time.

25. Mr. Martin has continued to use the Campaign for his own benefit since Martin ended his congressional campaign. In particular, Mr. Martin has continued to report expenditures incurred by the Campaign since December 2023, despite the fact that Martin is not currently running for office (and in fact ended his candidacy before his name ever appeared on the ballot). Mr. Martin reported only a handful of expenditures for goods or services related to furthering his short-lived congressional campaign; the vast majority of purchases appear to be travel expenses. Defendants have paid for these expenditures using monies raised as a result of Grassroots Analytics' fundraising services, and despite the fact that Defendants had notice of Grassroots Analytics' significant outstanding invoices.

## CLAIM FOR RELIEF

### Breach of Contract

26. Plaintiff incorporates all preceding paragraphs of this Complaint into this cause of action as if fully set forth herein.

27. The Agreement is a valid and enforceable contract between Plaintiff Grassroots Analytics and Defendant Isaiah Martin for Congress, that was executed on July 31, 2023 by Defendant Isaiah Martin and for his benefit.

28. At all times relevant to this Complaint, the Campaign acted as Mr. Martin's agent and on his behalf. After the execution of the Agreement, Mr. Martin personally received the benefits of the Agreement and has consistently maintained that provisions of that Agreement

should be enforced to benefit him.

29. Grassroots Analytics has satisfied, is excused from performing, or Defendants have waived or are estopped from insistence upon performance of, all relevant conditions of the Agreement.

30. Defendants have breached the Agreement with Grassroots Analytics by:

   a. Failing to pay Grassroots Analytics for the pass-through expenses it incurred in connection with the services that Scale to Win provided for Defendants' benefit;

   b. Failing to pay Grassroots Analytics for the fundraising services that it provided to Defendants pursuant to the Agreement; and

   c. Failing to pay Grassroots Analytics the 10% late fee owed as a result of Defendants' failure to pay the outstanding invoice within 15 days of its due date.

31. Defendants' breaches of the Agreement have directly and proximately resulted in actual losses to Grassroots Analytics, which entitles Grassroots Analytics to money damages, including the contractual late fee and interest according to law.

32. Pursuant to the express terms of the Agreement, Grassroots Analytics is also entitled to recover its reasonable attorneys' fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and:

1. Declare Defendants' conduct to be unlawful;

2. Award compensatory and consequential damages in an amount to be proven at trial;

3. Award pre-judgment and post-judgment interest as provided by law;

4. Determine that Defendants shall bear the costs of this proceeding, including reasonable attorneys' fees and litigation costs reasonably incurred in this action, as provided by the Agreement; and

5. Grant Plaintiff any other relief that this Court deems just, proper, and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 19, 2025

>  */s/ Elizabeth Lockwood*
>  Elizabeth Lockwood (D.C. Bar No. 1029746)
>  Kathryn Ali (D.C. Bar No. 994633)
>  Meghan Palmer (D.C. Bar No. 1736144)
>  ALI & LOCKWOOD LLP
>  501 H Street NE, Suite 200
>  Washington, D.C. 20002
>  (202) 651-2475
>  katie.ali@alilockwood.com
>  liz.lockwood@alilockwood.com
>  meghan.palmer@alilockwood.com
>
>  *Counsel for Plaintiff*